IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 7, 2001

## STATE OF TENNESSEE v. ERIC D. THOMAS

**Appeal from the Criminal Court for Shelby County**
**Nos. 97-08123,24,25,27      Joseph B. Dailey, Judge**

_____

### No. W1999-00337-CCA-R3-CD - Filed June 26, 2001

_____

The Defendant, Eric D. Thomas, pled guilty to four counts of robbery and was sentenced to six years for each conviction. The sentences were ordered to run consecutively, which ruling the Defendant now appeals. The judgment of the trial court ordering the Defendant's sentences to run consecutively is reversed, and this matter is remanded for resentencing on the issue of consecutive sentences.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed in Part

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Eric Thomas, Whiteville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and Amy Weirich, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Initially, we note that this case began with a rather unusual procedural twist. James C. Paris of the Shelby County Sheriff's Office was investigating whether the Defendant committed four bank robberies and a post-office robbery. The Defendant agreed to make statements concerning all five robberies in exchange for the State agreeing to prosecute them as simple robberies and agreeing to drop several other charges. The Defendant gave the statements, and the State subsequently charged the Defendant with three counts of robbery and two counts of aggravated robbery. The Defendant filed a motion to enforce a verbal plea agreement, and an evidentiary hearing was held. Upon hearing the Defendant's testimony, the State voluntarily reduced the two aggravated robbery charges to robbery. However, the Defendant also claimed during the hearing that the plea bargain included a provision as to the amount of time he would serve on the five counts. At the conclusion of the hearing, the trial court expressly found the Defendant's testimony on this point to be not credible and found that the agreement made no provision as to the length of the Defendant's sentences.

The Defendant went to trial on the first of the charges and was convicted of that robbery; he was subsequently sentenced to eight years and one day. The Defendant later went to trial on another of the robbery charges; mid-trial, he changed his plea and pled guilty to all four remaining robbery charges. The trial court subsequently sentenced the Defendant as a Range II, multiple offender to the minimum of six years[1] on each of the four additional robbery convictions.[2] The trial court further found the Defendant to be a dangerous offender and ordered the four sentences to run consecutively to each other and to the prior sentence of eight years and a day, for an effective sentence of thirty-two years and a day. The Defendant now appeals.

In his pro se pleadings, the Defendant raises numerous issues, several of which do not relate to his sentence. Specifically, the Defendant complains that the original charge of aggravated robbery does not support his guilty plea to the lesser charge of robbery; that the trial court lacked jurisdiction over the robbery committed at a United States Post Office; and that the trial court erred with respect to its findings on the Defendant's motion to enforce his alleged plea agreement. All of these claims are without merit. Robbery is a lesser included offense of aggravated robbery. See generally State v. Burns, 6 S.W.3d 453, 466-67 (Tenn. 1999). The State of Tennessee generally has jurisdiction over crimes committed on federal property such as a United States Post Office located within the State of Tennessee. See Tenn. Code Ann. § 4-1-107. The trial court's findings of fact on the Defendant's motion to enforce a verbal plea agreement are supported by the record, and we find no error with respect thereto. Furthermore, the Defendant's contentions regarding the trial court's findings on his motion were waived upon his plea of guilty to the charges encompassed by the alleged agreement. The Defendant is therefore entitled to no relief on these issues.

The Defendant also contends that he was "fraudulently induced" to plead guilty by the trial court's findings on his alleged plea agreement and the trial court's subsequent admission into evidence of the statements the Defendant made in conjunction with his plea agreement. However, prior to entering his guilty pleas, the Defendant knew that the trial court had specifically found that there was no agreement as to the length of his sentences. Thus, there was no "fraud" practiced upon the Defendant. Moreover, the Defendant waived his right to complain about the trial court's admission of evidence when he pleaded guilty to the charges for which he was being tried. This issue is without merit.

The Defendant also raises several issues with respect to his sentences. He contends that the prior convictions on which his Range II status is based are "facially void"; that the trial court erred

---

[1]Robbery is a Class C felony. See Tenn. Code Ann. § 39-13-401(b). The minimum sentence for a Range II, multiple offender for a Class C felony is six years. See id. § 40-35-112(b)(3).

[2]The trial court found as enhancement factors that the Defendant has a previous history of criminal convictions or behavior in addition to those necessary to establish his sentencing range and that he has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. See Tenn. Code Ann. § 40-35-114(1), (8). In mitigation, the trial court found that the Defendant had accepted responsibility for his crimes and pled guilty. See id. § 40-35-113(13). The trial court gave little emphasis, however, to any of these factors in its sentencing decision.

by failing to use certified copies of his prior convictions in determining him to be a Range II offender; and that the trial court erred by ordering his sentences to be served consecutively. With respect to the Defendant's contentions regarding his Range II status, these issues have been waived because the Defendant is raising these complaints about his prior convictions for the first time in this appeal.[3] Issues raised for the first time on appeal are generally waived. See State v. Alvarado, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996). A party who participates in or invites error is not entitled to relief. Tenn. R. App. P. 36(a). Accordingly, we decline to address these contentions. We will, however, address the Defendant's contentions regarding his consecutive sentencing.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A trial court may order sentences for multiple convictions to run consecutively if it finds by a preponderance of the evidence that, inter alia,

> (1) [t]he defendant is a professional criminal who has knowingly devoted [himself] to criminal acts as a major source of livelihood;
> (2) [t]he defendant is an offender whose record of criminal activity is extensive; [or]
> . . .

---

[3]We also note that during the hearing on the Defendant's motion to enforce a verbal plea agreement, the Defendant's attorney described the Defendant's Range II status as a fact about which there was no dispute. Indeed, the Defendant himself testified that his plea agreement was "five counts simple robbery, range two."

(4) [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high[.]

Tenn. Code Ann. § 40-35-115(b). In order to impose consecutive sentences on the basis that the defendant is a dangerous offender, the trial court must make two additional findings: that an extended sentence is necessary to protect the public against further criminal conduct by the defendant, and that the consecutive sentences reasonably relate to the severity of the offenses committed. See State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

In this case, the trial court first found that "the offenses, themselves, did not involve any injury to anyone and did not, apparently, actually involve a weapon." Rather, the court found, the robberies involved "threats of violence of one form or another conveyed during the course of the robberies." The court then found the Defendant to be a dangerous offender based on "his record and the number of cases, the types of cases, the types of messages conveyed, [and] the fear stated by the victims."[4] The trial court did not make the additional findings required under Wilkerson.

We find ourselves constrained to disagree with the trial court that the Defendant qualifies under our sentencing law as a "dangerous offender." The four robberies to which the Defendant pled guilty involved neither injuries nor weapons. While the Defendant apparently threatened the victims with violence, he did not cause any injuries and was not armed. The evidence does not, therefore, support a finding that the Defendant behaved in a manner which indicates little or no regard for human life; nor does it support a finding that he had no hesitation about committing these crimes in such a way that the risk to human life was high. Accordingly, we must find that the trial court erred in ordering that the Defendant serve his sentences consecutively on the basis that he is a "dangerous offender."

Given the Defendant's prior criminal record, however, he may qualify for consecutive sentencing as a professional criminal or as an offender whose record of criminal activity is extensive.

_____

[4]The trial court also stated in support of its decision to impose consecutive sentencing that, "If somebody commits one robbery – one bank robbery that hadn't been caught yet, if he's to commit four more and get concurrent time for everything, then there's no deterrent, whatsoever, for not going out and committing as many as he can before he finally gets caught. If he's going to get concurrent time for it all ultimately, anyway, then there is absolutely no incentive for him to curb his conduct and comply with the law. He might as well commit as many as he can get away with until he finally gets caught because they're all going to be served concurrently, anyway, so they're all free after that first one would be the logic of it. And so I think you virtually have to be sentenced to consecutive sentencing in order for there to be any sense at all to our sentencing scheme -- sentencing structure -- in a situation of this sort." While we are sympathetic to the trial court's reasoning, our Legislature did not provide for consecutive sentencing on this basis.

Accordingly, we remand this matter to the trial court for further findings as to the Defendant's eligibility for consecutive sentencing. If, on remand, the trial court finds an alternative ground for consecutive sentences which is supported by a preponderance of the evidence, then consecutive sentences may still be appropriate, so long as the actual length of the sentence is "justly deserved in relation to the seriousness of the offense[s]" and is "no greater than that deserved for the offense[s] committed." Tenn. Code Ann. §§ 40-35-102(1), -103(2); see also State v. Lane, 3 S.W.3d 456, 460 (Tenn. 1999).

For the reasons set forth herein, we vacate that portion of the trial court's judgment ordering the Defendant's sentences to be served consecutively, and we remand this matter for resentencing solely on the issue of consecutive sentencing.

_____
DAVID H. WELLES, JUDGE